# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM L. SEARLS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0222**  (BOR Appeal No. 2046160)
(Claim No. 2010131188)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William L. Searls, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 31, 2012, in which the Board affirmed a June 22, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 3, 2010, decision rejecting the compensability of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Searls was employed by Huntington Alloys Corporation for over twenty years as a steelworker. For the past twelve years he worked as a scale man, which required him to use hammers, crowbars, banders, and handheld crimpers as part of his daily activities. On March 11, 2010, Dr. Smith diagnosed Mr. Searls with carpal tunnel syndrome and requested authorization for treatment, suggesting that it was an occupational injury. The diagnosis was confirmed by an electromyography (EMG) test performed by Dr. Barebo. Mr. Searls's medical records were then reviewed by Dr. Jenkins who attributed Mr. Searls's carpal tunnel syndrome to his pre-existing

1

diabetes and not to his work activities. Based on Dr. Jenkins's report, the claims administrator rejected Mr. Searls's claim on June 3, 2010, stating that there was no causal relationship between his work activities and his condition. Mr. Searls was then evaluated by Dr. Mukkamala, who pointed to Mr. Searls's excessive weight and diabetes as important non-occupational risk factors for developing carpal tunnel syndrome. Dr. Mukkamala also stated that Mr. Searls's daily activities would not be expected to cause carpal tunnel syndrome because they do not involve sufficient high force and highly repetitive stress. Dr. Mukkamala attributed Mr. Searls's condition entirely to non-occupational causes. On June 22, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on January 31, 2012, leading Mr. Searls to appeal.

The Office of Judges concluded that Mr. Searls did not develop carpal tunnel syndrome as a result of his work activities as a scale man and that the claims administrator was correct to reject his application for benefits. The Office of Judges found that Mr. Searls suffered from poorly controlled diabetes and obesity which have both been found to contribute to the development of carpal tunnel syndrome. The Office of Judges relied on the opinions of Dr. Jenkins and Dr. Mukkamala. The Office of Judges determined that Dr. Mukkamala's report was the most detailed and thorough medical evidence in the record and that Dr. Mukkamala did not believe that the condition was causally related to Mr. Searls's work as a scale man. The Office of Judges determined that Mr. Searls did not establish a causal connection between his carpal tunnel syndrome and his work activities. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Searls has not presented sufficient evidence to show that he developed carpal tunnel syndrome in the course of and resulting from his employment with Huntington Alloys Corporation. Although Mr. Searls has presented evidence that he has carpal tunnel syndrome, he has not demonstrated that there is a causal connection between his work activities and the condition. There is nothing in the record which shows that the condition is anything more than an ordinary disease of life. The evidence Mr. Searls has presented is not sufficient to establish his claim in light of the opinions of Dr. Jenkins and Dr. Mukkamala who both point to non-occupational risk factors as the cause of Mr. Searls's carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis

2

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II